QUESTIONS: 1. Must a person who is certified as blind by the Florida Bureau of Blind Services, Division of Vocational Rehabilitation, Department of Health and Rehabilitative Services, obtain additional certification from two licensed physicians of this state who are professionally unrelated in order to qualify for the property tax exemption of $500 under s. 196.202, F.S., as a blind person? 2. Are blind persons who are substantially gainfully employed entitled to the additional property tax exemption of $4,500 under s. 196.031(3)(b), F.S.?
SUMMARY: A person who is certified as blind by the Florida Bureau of Blind Services, Division of Vocational Rehabilitation, Department of Health and Rehabilitative Services, need not obtain additional certification from two licensed physicians of this state who are professionally unrelated in order to qualify for the property tax exemption of $500 under s. 196.202, F.S. If a blind person is certified as totally and permanently disabled pursuant to s. 196.012(10), F.S., such a person could be eligible, if all other criteria are met, for the exemption provided in ss. 196.202
and 196.031(3)(b), F.S., notwithstanding the fact that such person may be substantially gainfully employed. Your first question is answered in the negative, and your second question is answered as hereinafter discussed. Article VII, s. 3(b), State Const., provides in pertinent part: There shall be exempt from taxation, cumulatively, . . . to every widow, or person who is blind or totally and permanently disabled, property to the value fixed by general law not less than five hundred dollars. (Emphasis supplied.) Section 196.202, F.S., implements Art. VII, s. 3(b), supra, and exempts from ad valorem taxation property to the value of $500 of "every widow, blind person, or totally and permanently disabled person who is a bona fide resident of this state. . . ." (Emphasis supplied.) A review of Ch. 196, F.S., specifically s.196.012 therein, discloses no legislative definition of the term "blind person" as used in said s. 196.202. However, Rule 12B-1.201(3)(C), F.A.C., entitled "Personal Exemptions," defines blind persons as: . . . those persons who are currently certified by the Florida bureau of blind services of the division of vocational rehabilition [sic] of the department of health and rehabilitative services or the federal social security administration or veterans' administration to be blind. When appearing in the Florida Statutes "blind person" shall mean an individual having central vision acuity 20/200 or less in the better eye with correcting glasses, or a disqualifying field defect in which the peripheral field has contracted to such an extent that the widest diameter or visual field subtends an angular distance no greater than twenty degrees. Such a definition adopted by the Department of Revenue is controlling unless and until a court of competent jurisdiction declares the same to be clearly erroneous or unauthorized. State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1974). In view of the above, it is my opinion that a person who is applying for the exemption provided for blind persons under s. 196.202, F.S., need not have certification from two licensed physicians of this state who are professionally unrelated. If such a person falls within the definition of "blind persons" provided by Rule 12B-1.201(3)(C), supra, and is so certified by the Florida Bureau of Blind Services of the Division of Vocational Rehabilitation of the Department of Health and Rehabilitative Services or the Federal Social Security Administration or Veterans' Administration, he or she should be eligible for the exemption provided for blind persons under s. 196.202. In referring to Department of Revenue form DR-501-S, which sets forth the qualifications for the $500 disability exemption based on blindness, you seem to ask whether such form falls within the requirements of law. It is my opinion that the form does comply with and meet the requirements of law. Your second question asks whether or not blind persons who are substantially gainfully employed are entitled to the additional property tax exemption of $4,500 provided for by s. 196.031(3)(b), F.S. Said s.196.031(3)(b) provides for the homestead exemption granted in s.196.031(1), F.S., to be increased $4,500 for every person who, in addition to qualifying pursuant to s. 196.031(1), supra, has been a resident of this state for 5 consecutive years prior to claiming the exemption and qualifies for the exemption granted pursuant to s. 196.202, supra, as a totally and permanently disabled person. This additional $4,500 is to be combined with the $500 exemption granted in s. 196.202 and the basic $5,000 homestead exemption to make an aggregate or total exemption of $10,000. Attorney General Opinions 074-353 and 074-325, also see Rule 12B- 1.202(B), F.A.C. Section 196.202, supra, reads in pertinent part: "Property to the value of five hundred dollars of every . . . totally and permanently disabled person who is a bona fide resident of this state shall be exempt from taxation." The question then arises as to what method is to be used to determine total and permanent disability within the meaning of s. 196.202, supra. Section196.012(10), F.S., provides that, as used in Ch. 196, F.S.: "Totally and permanently disabled persons" means those persons who are currently certified by two licensed physicians of the state who are professionally unrelated, or the veterans' administration to be totally and permanently disabled. [Rules 12B-1.206(9) and 12B- 1.201(3)(D), F.A.C., have the identical effect.] Your request reflects some doubt as to whether a person who is substantially gainfully employed may be totally and permanently disabled as the term is used in ss. 196.202 and 196.031(1)(b), supra. Since the certification is to be made either by two physicians or the Veterans' Administration, the criteria used by the latter agency would establish a consistent basis for the determination, although neither the statute nor current regulations would make such criteria mandatory or exclusive as a basis for a physician's certification. Attorney General Opinion 074-235. The Veterans' Administration regulations [38 C.F.R. § 4.15 (1973)] define total disability as follows: Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation; provided, that permanent total disability shall be taken to exist when the impairment is reasonably certain to continue throughout the life of the disabled person. . . . (Emphasis supplied.) It should be noted that the term "totally and permanently disabled" is legislatively defined in a more restrictive fashion as used in ss.196.081, 196.091, and 196.101, F.S., which sections grant total exemption of homestead properties to certain veterans and others with specific kinds of disabilities, such as paraplegia and wheelchair confinement. Those sections expressly provide the criteria for determination of eligibility thereunder and limit the use of such criteria to eligibility for exemption under the specific section in which they are contained. Attorney General Opinions 072- 42, 072-194, and 074-235. Thus, in view of the above, it is my opinion that if a blind person is certified as totally and permanently disabled pursuant to s. 196.012(10), supra, such a person could be eligible, if all other criteria are met, for the exemptions provided in ss. 196.202 and 196.031(3)(b), supra, notwithstanding the fact that such person may be substantially gainfully employed.